IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. RWT 10-0745 |
| KENNETH MORILAK | : | |

## MEMORANDUM OPINION AND ORDER

On March 17, 2011, the Defendant was sentenced to a term of five years of probation, and the Court reserved determination of the amount of restitution to be awarded. ECF No. 17. A hearing was thereafter held on the question on the amount of restitution on June 8, 2011, and on June 9, 2011, an Amended Criminal Judgment was entered that provided for an award of restitution in the amount of $143,841.17. ECF No. 23. No appeal was taken by the Defendant.

On August 15, 2012, the Defendant, acting *pro se*, filed a "Supplemental Motion to Amend Final Order" [ECF No. 25] in which he requested that the judgment be amended "to reflect that no further restitution is owed." On October 24, 2012, the United States filed a response to the Defendant's motion, and a reply was filed by the Defendant on November 5, 2012. On August 28, 2013, the Defendant filed a request for a hearing on his motion. ECF No. 31.

The Court has carefully considered the Defendant's motion, the opposition and the reply and concludes for reasons stated by the Government in its opposition that the motion should be denied. A final order of restitution was entered in this case and no appeal was taken. The authority of a court to modify a judgment embodied in a criminal judgment is limited. Rule 35 of the Federal Rules of Criminal Procedure authorizes the correction of a sentence for clear error within fourteen days after sentencing that results from arithmetical, technical or other clear error.

Rule 36 authorizes the court to correct a clerical error in a judgment at any time after giving any notice that it considers appropriate. Here there was not and is not any clerical or other form of arithemetical, technical or other clear error in the judgment.

The Defendant, who disgraced his position as an officer of the United States military by defrauding it out of $143,841.17, seeks to modify the restitution to which he agreed citing, among others, the fact that his rank was reduced by the Department of the Army, thus reducing future compensation and because of income tax liabilities arising out of his misconduct. These are not circumstances that would justify a change in the amount of restitution owed, but are the inevitable collateral consequences of the Defendant's criminal misconduct, consequences that should not inure to his benefit in terms of his obligations to repay the Government for his criminal wrongdoing.

For the foregoing reasons, it is this 23rd day of September, 2013, by the United States District Court for the District of Maryland,

ORDERED, that the Defendant's Supplemental Motion to Amend Final Order [ECF No. 25] is hereby **DENIED**.

/s/
Roger W. Titus
United States District Judge